UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
John and Laura Brecker, et al.,           :     Hon. Joseph H. Rodriguez

    Plaintiffs,                              :     Civil Action No. 13-5646

      v.                                       :     **Memorandum Order
                                                 Remanding Case to**
1st Republic Mortgage Bankers, Inc., et al.,   :     **N.J. Superior Court,
                                                 Law Division,**
    Defendants.                              :     **Camden County**
_____

    This matter comes before the Court *sua sponte*, after Defendant Bank of America, N.A. filed a Notice of Removal from the New Jersey Superior Court, Law Division, Camden County on September 30, 2013. The Notice of Removal asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 "based on allegations that Defendants violated two federal programs created by federal statute: (i) the 'Troubled Asset Relief Program,' commonly known as 'TARP' and (ii) the 'Home Affordable Modification Program,' also known as 'HAMP.'" (Notice of Removal, ¶ 5 (citing Compl., ¶¶ 239-45, Count VII for Breach of Contract/Constructive Fraud).)

    Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 27-28 (1983). That is, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues"

1

or "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing,* 545 U.S. 308, 312 (2005). Because the Court finds that the breach of contact/constructive fraud claim in Count VII of the Complaint does not arise under federal law, this Court could not have had original jurisdiction over the action as contemplated by 28 U.S.C. § 1441, and the matter will be remanded to State court pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction.

Plaintiffs, approximately 98 in number, brought this action against about 64 Defendants, asserting various forms of mortgage fraud. Included among claims of State statutory violations, intentional and negligent misrepresentation, negligence, slander, civil conspiracy, and unjust enrichment is a claim for Breach of Contract/Constructive Fraud, Count VII. This claim includes the following allegations:

> 242. . . . Defendants' acceptance of TARP money created an obligation to modify loans outstanding on Plaintiffs' real estate and to otherwise use the TARP funds for the benefit of, among others, the Plaintiffs herein.
>
> 243. As discussed below, certain Plaintiffs pursued and/or entered, in good faith, into contracts with certain Defendants to modify their loans by participating in the taxpayer subsidized Home Affordable Modification Program (HAMP).
>
> 244. Upon information and belief, with respect to certain Plaintiffs, Defendants failed to act in good faith in accepting these applications for loan modifications and acting upon them.
>
> 245. As a direct result of the acts and/or omissions of the Defendants, jointly and severally, or others with whom they acted in concert, the Plaintiffs were severely damaged financially.

The Court finds that the allegations within this claim are insufficient to give rise to federal question jurisdiction.

Neither TARP nor HAMP provides for a private right of action, express or implied. Without explicit legislative authority, a court can only find an implied private cause of action when it can confidently conclude that Congress intended such a right. *Am. Trucking Ass'ns v. Delaware River Joint Toll Bridge Comm'n*, 458 F.3d 291, 303 (3d Cir. 2006). In doing so, the court must determine that Congress intended to create both a personal right and a private remedy for that right. *Spencer Bank, S.L.A. v. Siedman*, 309 F. App'x 546, 548 (3d Cir. 2009).

TARP authorizes the Secretary of the Treasury to purchase troubled assets from any financial institution on such terms and conditions as are determined by the Secretary. 12 U.S.C. § 5211(a)(1). "The statute provides for judicial review of the Secretary's decision, but does not mention a private right of action against private entities. Thus, it appears Congress did not intend to allow such actions." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 638 (11th Cir. 2010). As the Supreme Court has explained, "[t]he express [legislative] provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001). Finding "nothing about the statute evinces congressional intent to create a private right of action against TARP fund recipients," *Ruotolo v. Fannie Mae*, 933 F. Supp. 2d 512 (S.D.N.Y. 2013), courts across the country have held that TARP does not contain such a private cause of action. *See id. See also, e.g.,* 393 F. App'x at 638; *Gudzelak v. PNC Bank*, Civ. No. 12-1230-LPS, 2013 WL 3949526, at *2 (D. Del. July 29, 2013); *Citron v. Wachovia Mortg. Corp.,* 922 F. Supp. 2d 1309, 1325 (M.D. Fla. 2013) (finding no provision of TARP that confers a private right of action); *Robinson v. Wells Fargo Bank, N.A.,* No. CV 09–2066, 2010 WL

2534192, at *8 (D. Ariz. June 18, 2010) (TARP does not create a private right of action, express or implied); *Logan v. U.S. Bank Nat'l Ass'n,* No. CV 09-8950, 2010 WL 1444878, at *9-10 (C.D. Cal. Apr. 12, 2010) (same); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009) (same); *Bank v. Homes By Williamscraft, Inc.,* No. 09–CV–91, 2009 WL 3753585, at *2 (N.D. Ga. Nov. 6, 2009) (same).

Similarly, HAMP was "designed to prevent avoidable home foreclosures by incentivizing loan servicers to reduce the required monthly mortgage payments for certain struggling homeowners." *Miller v. Chase Home Fin., LLC,* 677 F.3d 1113, 1116 (11th Cir. 2012). Its provisions empower the Secretary of the Treasury to restore liquidity and stability to the financial system. *Id.* (*citing* 12 U.S.C. § 5201 (1)). The legislature gave the Secretary of the Treasury the right to initiate a cause of action, and did not expressly provide any cause of action for any private citizens. *Id.* Indeed, to provide a private cause of action would be counter-productive to the goal of increasing lender participation in loan modification, rather than being consistent with the intent of HAMP. *Id.*

As such, federal courts across the country have held that HAMP does not create a private right of action for borrowers. *See id. See also, e.g., Nelson v. Bank of America, N.A.,* 446 Fed. App'x 158, 159 (11th Cir. 2011) (*citing Mosley v. Wells Fargo Bank, N.A.,* 802 F. Supp. 2d 695 (E.D. Va. 2011); *Cox v. Mortg. Elec. Registration Sys., Inc.,* 794 F. Supp. 2d 1060 (D. Minn. 2011); *Melton v. Suntrust Bank,* 780 F. Supp. 2d 458, 459-60 (E.D. Va. 2011); *Hart v. Countrywide Home Loans, Inc.,* 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009)); *Bourdelais v.*

4

*J.P. Morgan Chase Bank, N.A.,* Civil No. 3:10CV670-HEH, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) (noting that courts across the country have "universally rejected" claims by homeowners that they were entitled to modifications under HAMP because "HAMP does not create a private right of action for borrowers against lenders and servicers"); *Dugger v. Bank of Am.,* No. 1:10CV00076 SNLJ, 2010 WL 3258383, at *2 (E.D. Mo. Aug. 16, 2010); *Simon v. Bank of America, N.A.,* No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) ("district courts have consistently held that the Home Affordable Modification Program does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan" (*citing Lucero v. Countrywide Bank N.A.,* NO. 09–CV–1742, 2010 WL 1880649, at *3–4 (S.D. Cal. May 10, 2010); *Villa v. Wells Fargo Bank,* N.A., NO. 10–CV–0081, 2010 WL 935680, at *3 (S.D. Cal. March 15, 2010); *Aleem v. Bank of America,* 09–CV–01812, 2010 WL 532330, at *4 (C.D. Cal. Feb. 09, 2010); *Escobedo v. Countrywide Home Loans, Inc.,* 09–CV–1557, 2009 WL 4981618, at *2–3 (S.D. Cal. Dec. 15, 2009))). Indeed, the United States Court of Appeals for the Third Circuit also has held recently that "HAMP does not provide a private right of action" for borrowers. *Sinclair v. Citi Mortg., Inc.*, 519 Fed. App'x. 737, 739 (3d Cir. 2013) (*citing Wigod v. Wells Fargo Bank, N.A..* 673 F.3d 547, 559 n.4 (7th Cir. 2012)). *Accord Dente v. Saxon Mortg.,* Civil No. 11–6933, 2012 WL 1664127, at *4 (D.N.J. May 11, 2012); *O'Connor v. First Alliance Home Mortg.*, Civ. Action No. 12-111, 2012 WL 762351, *3 (D.N.J. March 6, 2012); *Keosseian v. Bank of America*, Civil Action No. 11-3478, 2012 WL 458470, at *2 (D.N.J. Feb. 10, 2012); *Wallace v. Bank of America,* Civil No. 11-

0038, 2011 WL 3859745, at *2 n.3 (D.N.J. Aug. 30, 2011); *Stolba v. Wells Fargo & Co.,* Civil Action No. 10-cv-6014, 2011 WL 3444078, at *3 (D.N.J. Aug. 8, 2011).

Because this Court also finds that there is no private right of action under TARP or HAMP, removal based on federal question jurisdiction was improper. "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Accordingly, the case must be remanded for lack of federal subject matter jurisdiction.

For these reasons,

IT IS ORDERED this 21st day of October, 2013 that this matter be and hereby is <u>REMANDED</u> to the Superior Court of New Jersey, Law Division, Camden County.

IT IS FURTHER ORDERED that all motions to dismiss the case pending before this Court are hereby <u>DISMISSED AS MOOT</u>.

                                                    /s/ Joseph H. Rodriguez
                                                    JOSEPH H. RODRIGUEZ
                                                        U.S.D.J.